NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA , | ) ) ) ) | |
| Plaintiff, | ) ) | |
| -v.- | ) ) ) | Hon. Harold A. Ackerman |
| KATHLEEN FIGUEREDO as Personal Representative THE ESTATE OF KATHLEEN P. CICCONE, KATHLEEN P. CICCONE, RUBY JUNE CICCONE, LOUIS ARNOLD CICCONE | ) ) ) ) ) ) | Civ. No. 06-0693 (HAA)  **OPINION AND ORDER** |
| Defendants. | ) ) ) ) | |

Jane Andrews, Esq.
Seth Ptasiewicz, Esq.
Tracy L. Bookhard, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
33 Washington Street
Newark, New Jersey 07102
*Attorneys for Plaintiff*

Benjamin Edward Widener, Esq.
Scott I. Unger, Esq.
Stark & Stark PC
993 Lenox Drive
Building Two
Lawrenceville, New Jersey 08648
*Attorneys for Defendant Kathleen Figueredo*

Joseph Patrick Turk, Esq.
Lentz & Gengaro

1

443 Northfield Avenue
Kearny, New Jersey 07052
*Attorneys for Defendants Louis Ciccone and Ruby Ciccone*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on Defendant Kathleen Figueredo's motion to dismiss (Docket No. 10) for improper venue, or, in the alternative, for transfer of this matter to the District of Idaho.  For the following reasons, Figueredo's motion to dismiss for improper venue is denied.  However, the Court will grant Figueredo's request to transfer this case to the District of Idaho, pursuant to § 1404(a).

### *Background*

Albert and Kathleen Ciccone were married on August 29, 2003.  At or near the time of her marriage to Albert, Kathleen became pregnant with their first child.  Kathleen died on October 16, 2003, in Mountain Home, Elmore County, Idaho, as a result of "blunt force trauma due to a motor vehicle pedestrian accident."  Kathleen's death certificate indicates her manner of death as "homicide."  Albert subsequently was convicted of First and Second Degree Murder for the deaths of Kathleen and their unborn child in the District Court of the Fourth Judicial District of Idaho, in and for the County of Elmore, Case No. CR-2003-4441, *State of Idaho v. Ciccone*.

When Albert and Kathleen married, Albert was a member of the United States Air Force. On September 4, 2003, Albert obtained a $100,000 life insurance policy for Kathleen through the Servicemembers' Group Life Insurance Program.  The life insurance policy was administered through Plaintiff The Prudential Insurance Company of America ("Prudential").  Albert was stationed at Mountain Home Air Force Base in Mountain Home, Idaho at the time he obtained

this insurance policy.  Ms. Figueredo, a Defendant-Claimant in this action, is Kathleen's mother

and is the duly appointed personal representative of Kathleen's estate.  Ms. Figueredo currently

resides in Tipanuk, Idaho, and the Estate of Kathleen Ciccone was filed of record in the Fourth

Judicial District of the State of Idaho, in and for the County of Elmore.

Following Kathleen's tragic death, a dispute arose between Kathleen's estate and Albert's

parents, Louis Ciccone and Ruby Ciccone (the "Ciccones"), the co-Defendants in this action, as

to which party was the proper beneficiary under the insurance policy.  Faced with competing

claims to the same amount of life insurance proceeds, Prudential commenced this action on

February 13, 2006 for interpleader pursuant to Federal Rule of Civil Procedure 22.  On January

25, 2007, Defendant Figueredo filed a motion to dismiss, or, in the alternative to transfer the case

to the District of Idaho.

On August 8, 2007, this Court signed a Consent Order (Docket No. 18) directing

Prudential to deposit the remaining proceeds with the Clerk of the Court.  The Consent Order

also directed that after Prudential deposited monies, Prudential would be released from any and

all claims that the Defendants might have against Prudential under the terms of the Policy.  On

August 28, 2007, the Clerk certified that Prudential had deposited $110,675.72, pursuant to the

Consent Order.

Prudential initially opposed the motion to dismiss/transfer, but by letter dated August 10,

2007, it informed the Court that "it now takes no position on the pending motion . . . as to

whether to transfer venue to Idaho."  (Prudential 8/10/07 Letter at 2.)  The Ciccones have not

filed any opposition to Figueredo's motion.  Thus, the motion stands unopposed because

Prudential no longer takes a position on the transfer issue.

*Analysis*

### I.      Proper Venue

"Interpleader is an equitable device that enables a party holding a fund to compel persons asserting conflicting claims to that fund to adjudicate their rights to the fund in a single action." *New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d 534, 539 (D.N.J. 1998). "The classic interpleader scenario involves a neutral stakeholder, such as an insurance company, faced with completing claims over the rights of the res–e.g., the proceeds of a life insurance policy where the beneficiaries dispute their relative distributions." *Id*.  Interpleader actions may be commenced either as a "Rule Interpleader" under Federal Rule of Civil Procedure 22 or "Statutory Interpleader" under 28 U.S.C. § 1335.  "Under rule interpleader, . . . venue is proper in the district where the plaintiff resides, where all the claimants reside, or where the claim arose." Prudential commenced this action under Rule Interpleader and resides in the District of New Jersey.  Therefore, venue is proper in the District of New Jersey and Figueredo's motion to dismiss for improper venue will be denied on that basis.  However, the Court will address Figueredo's motion, in the alternative, to transfer venue to the District of Idaho.

### II.      Transferring Venue

Section 1404(a) of Title 28 of the U.S. Code, "provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  "Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Id*.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought."  28 U.S.C. 1404(a); *see also Jumara*, 55 F.3d at 878.  "The burden of

establishing the need for transfer still rests with the movant."  *Jumara*, 55 F.3d at 878.

> Section 1391(a) of Title 28 of the U.S. Code provides, in pertinent part, that:
>
> A civil action wherein jurisdiction is founded only on diversity of citizenship may,
> except as otherwise provided by law, be brought only in . . . (2) a judicial district in
> which a substantial part of the events or omissions giving rise to the claim occurred
> . . . .

28 U.S.C. § 1391(a).

"The test for determining venue [under Section 1391(a)(2)] is not the defendant's

'contacts' with a particular district, but rather the location of those 'events or omissions giving

rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

Moreover, the statute also demands that those events or omissions be substantial.  "In assessing

whether events or omissions giving rise to the claims are substantial, it is necessary to look at the

nature of the dispute."  *Id.* at 295.

When an action is based on a contract dispute, "courts consider a variety of factors in

determining whether venue is proper under § 1391(a)(2), including (1) where the contract was

negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged

breach occurred."  *Kirkpatrick v. The Rays Group*, 71 F. Supp. 2d 204, 212 (W.D.N.Y. 1999)

(internal quotes omitted).  Additionally, where the alleged harm occurred is also relevant for

purposes of venue.  *Id.*  Although venue restrictions are meant to protect the defendant against

facing an inconvenient or unfair place of trial, oftentimes more than one forum is appropriate,

and it is not required that the plaintiff choose the "best" forum or the one most convenient for the

defendant.  *Cottman*, 36 F.3d at 294; *see also Nat'l Micrographics Sys., Inc. v. Canon U.S.A.*,

825 F. Supp. 671, 679 (D.N.J. 1993).

At this time, especially given the fact that Prudential is no longer involved in this action, all the relevant facts support the conclusion that the District of Idaho is an appropriate district in which this case could have been brought, because the Policy was purchased in Idaho and Kathleen was killed there.  Thus, the Court concludes that the District of Idaho is an appropriate venue because a substantial part of the events or omissions giving rise to the claim occurred there.  *See* 28 U.S.C. § 1391(a).  Accordingly, for the convenience of parties and witnesses, and in the interest of justice, the Court will transfer this case to the District of Idaho because there is absolutely no reason to maintain this action in New Jersey.  Moreover, the Ciccones have not filed an objection to the instant motion.

### *Conclusion & Order*

For the foregoing reasons, Defendant Figueredo's motion to dismiss or transfer (Docket No. 10) is GRANTED IN PART AND DENIED IN PART.  Specifically, the motion to dismiss for improper venue is DENIED, but the alternative request for transfer is GRANTED.  Pursuant to 28 U.S.C. § 1404(a), the Court hereby TRANSFERS this case to the District of Idaho. Furthermore, all crossclaims and counterclaims against Plaintiff Prudential are hereby DISMISSED WITH PREJUDICE.

Newark, New Jersey
Dated: September 20, 2007

/s Harold A. Ackerman
U.S.D.J.